IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FRANKENMUTH MUTUAL INSURANCE
COMPANY as assignee and subrogee of
THERMA SEAL ROOF SYSTEMS, LLC,

Case No.: _____

    Plaintiff,

v.

ANATOM CONSTRUCTION COMPANY, and
UNITED STATES SURETY COMPANY,

    Defendants.
_____/

## COMPLAINT

PLAINTIFF FRANKENMUTH MUTUAL INSURANCE COMPANY ("Frankenmuth"), by and through undersigned counsel, and as assignee and subrogee of THERMA SEAL ROOF SYSTEMS, LLC ("Therma Seal"), sues ANATOM CONSTRUCTION COMPANY ("Anatom") and UNITED STATES SURETY COMPANY ("US Surety"), and states as follows:

1. This is an action for monetary damages.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, on the basis of diversity jurisdiction with an amount in controversy over $75,000.00, excluding costs, attorneys' fees and interest.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida, pursuant to 18 U.S.C.§ 1965, as all parties reside, or are found, have an agent, or transact affairs within this district.

## PARTIES

4. This is an action for damages in an amount in excess of $75,000.00, exclusive of costs, attorneys' fees, and pre and post-judgment interest.

5. Plaintiff Frankenmuth is and at all times mentioned a corporation organized and existing under the laws of Michigan, with its principal place of business located at 1 Mutual Avenue, Frankenmuth, Michigan 48787. Frankenmuth is authorized to conduct business in the State of Florida.

6. Defendant Anatom is and at all times mentioned a corporation organized and existing under the laws of Florida, with its last known principal place of business located at 490 Business Park Way, Royal Palm Beach, Florida 33411.

7. Defendant US Surety is and at all times mentioned a corporation organized and existing under the laws of Maryland, with its last known principal place of business located at One Texas Station Court, Suite 230, Timonium, Maryland 21093.

8. All conditions precedent to the filing of the instant action have occurred or have been waived.

## RELEVANT FACTS

A. *Griffin Subcontract and Bonds*

9. On or about September 5, 2018, Anatom and Therma Seal entered into a subcontract for a roofing project at Griffin Elementary School (the "Griffin Subcontract," and such

project, the "Griffin Project"). A copy of the Griffin Subcontract is attached hereto as **Exhibit "A"**.

10. At all relevant times, the owner of the Griffin Project was the School Board of Broward County Public Schools ("The School Board").

11. The original price of the Griffin Subcontract was $1,331,000.00. After submission of change orders, the adjusted subcontract price was $1,006,964.00.

12. Pursuant to the Griffin Subcontract terms, Therma Seal was to be paid as follows: Monthly on the 25th day of each month with forecast of Work in Place through the 30th of such month. The retainage was 10%. *See* **Exhibit "A."**

13. US Surety, as surety for Anatom, issued a Payment Bond on behalf of Anatom as Principal, in favor of The School Board, bearing number 1001061853, and dated July 24, 2018, and in the penal sum of $3,296,363.00 ("US Surety Bond"). A copy of the US Surety Bond is attached as **Exhibit "B"**.

14. Frankenmuth, as surety, issued Performance and Payment Bonds on behalf of Therma Seal, as bond principal, in favor of Anatom, as bond obligee, with each bond bearing bond number 1001061853 and dated July 24, 2018 and each in the penal sum of $3,296,363 (hereinafter, the "Frankenmuth Bonds").

15. Therma Seal's work on the Project was substantially completed in or around February 2021.

16. Anatom has failed to pay the amounts due to Therma Seal pursuant to the completed Griffin Subcontract.

17. To date, Therma Seal has been paid $905,784.70. The amount of $101,179.24 remains unpaid.

18. Plaintiff, Therma Seal, Anatom and US Surety have entered into a tolling agreement with regard to the statute of limitations. Therein, the parties have agreed to extend the statute of limitations until April 30, 2022.

B. *Frankenmuth is Assignee of Therma Seal's Right to Payment under the Griffin Subcontract*

19. In consideration for Frankenmuth issuing the Frankenmuth Bonds on the Griffin Project and other projects, Therma Seal executed a General Indemnity Agreement ("GIA") in favor of Frankenmuth on or about July 24, 2018. A copy of the GIA is attached as **Exhibit "C."**

20. In paragraph 6 of the GIA, Therma Seal assigned to Frankenmuth, inter alia, "(a) all monies due or to become due to the Indemnitors as a result of the Contract(s), including but not limited to, progress payments, advances, deferred payments, retained percentages, causes of action against any other party, payment for extra work and proceeds of any delay or other damage claims; [and] (b) all right, title and interest of the Indemnitors in or growing out of the Contract(s)[.]"

21. Upon Therma Seal's alleged default on any of the projects bonded by Frankenmuth, Frankenmuth has the right to "(a) take possession of the work under any Contract and to complete said Contract, or cause, or consent to, the completion thereof; . . . (b) immediately take possession of Indemnitors' Property; (c) assert or prosecute any right or claim in the name of any Indemnitor and to settle any such right or claim as Company sees fit; (d) execute in the name of any Indemnitor, any instrument deemed necessary or desirable by Company to: . . . (ii) take immediate possession of Contract funds whether earned or unearned, [iii] collect such sums as may be due Indemnitors and to endorse in the name of Indemnitors [;] . . . (g) be subrogated to all the rights, remedies, properties, funds, securities and receivables relating to Indemnitors' Contracts or

4

contracts . . . . and/or (h) exercise any other rights or remedies set forth herein or otherwise available at law or in equity." GIA paragraph 7.

22. Therma Seal defaulted pursuant to the terms of the GIA because Anatom declared Therma Seal in default on July 21, 2020 on the Quiet Waters project and made a claim under the Payment Bond.

23. Accordingly, Frankenmuth commences this action as assignee and subrogee of Therma Seal's rights under and interest in the Griffin Subcontract.

24. Frankenmuth has found it necessary to engage the services of the undersigned attorneys, and has agreed to pay the attorneys a reasonable fee for their services, for which defendants are liable pursuant to § 255.05(2) Fla. Stat. (2021).

<u>Count I – Breach of Contract</u>
(Against Anatom)

25. This is an action against Anatom for breach of contract.

26. Frankenmuth re-alleges and re-avers the allegations of paragraphs 1-24 above as if fully set forth herein.

27. Anatom has materially breached the Griffin Subcontract by failing to pay the final amount due pursuant to the Griffin Subcontract.

28. Specifically, Anatom owes to Therma Seal, and to Frankenmuth as assignee and subrogee of Therma Seal, the sum of $101,179.24.

29. As a result of Anatom's default on the Griffin Project, Therma Seal has suffered damages.

30. Therma Seal fully performed its obligations under the Griffin Subcontract prior to Anatom's default.

31. As a result of Anatom's failure to honor the terms of the Griffin Subcontract, Frankenmuth, as assignee and subrogee of Therma Seal's rights to contract payments and claims, is entitled to payment of the Griffin Subcontract balance due to Therma Seal.

WHEREFORE, Plaintiff Frankenmuth Mutual Insurance Company, as assignee and subrogee of Therma Seal Roof Systems, LLC, demands judgment against Defendant Anatom Construction Company for compensatory damages, attorneys' fees and costs, prejudgment interest, postjudgment interest, costs, and any such other relief the Court deems just and proper.

Count II – Violation of the Prompt Payment Act
F.S. §218.70 *et seq*.
(Against Anatom)

32. This is an action against Anatom for violation of the Local Government Prompt Payment Act.

33. Frankenmuth re-alleges and re-avers the allegations of paragraphs 1-24 above as if fully set forth herein.

34. On or about September 5, 2018, Anatom and Therma Seal entered into a subcontract for a roofing project at Griffin Elementary School. *See* **Exhibit "A."**

35. The adjusted Griffin Subcontract price is $1,006,964.00

36. Therma Seal has been paid approximately $905,784.70 to date.

37. The unpaid subcontract balance is approximately $101,179.24 and it is undisputed.

38. The undisputed subcontract balance has remained due and payable pursuant to the Griffin Subcontract for more than 30 days after the date the labor or services were accepted or the materials were received.

39. Anatom, upon information and belief, has been paid by The School Board and has failed to make payment to Therma Seal within the time limits required by F.S. §218.735(6).

40. Accordingly, Anatom has violated the provisions of the Local Government Prompt Payment Act.

41. Therma Seal fully performed all of its obligations under the Griffin Subcontract.

42. Frankenmuth, as assignee and subrogee of Therma Seal's rights to contract payments and claims, is entitled to all payments due to Therma Seal.

WHEREFORE, Plaintiff Frankenmuth Mutual Insurance Company, as assignee and subrogee of Therma Seal Roof Systems, LLC, demands judgment against Defendant Anatom Construction Company for compensatory damages, attorneys' fees, prejudgment interest, postjudgment interest, costs, and any such other relief the Court deems just and proper.

### Count III – Action Against Payment Bond
(Against US Surety)

43. This is an action against the payment bond issued by US Surety in relation to the Griffin Project.

44. Frankenmuth re-alleges and re-avers the allegations of paragraphs 1-24 above as if fully set forth herein.

45. On or about September 5, 2018, Anatom and Therma Seal entered into a subcontract for a roofing project at Griffin Elementary School.  See **Exhibit "A."**

46. On or about July 24, 2018, US Surety furnished a payment bond pursuant to §255.05 Fla. Stat., bearing the bond number 1001061853. See **Exhibit "B."**

47. Anatom has materially breached the Griffin Subcontract by failing to pay the final amount due to Therma Seal pursuant to the Griffin Subcontract.

48. Anatom's material breach of the Griffin Subcontract has caused damage to Therma Seal, and to Frankenmuth as assignee and subrogee of Therma Seal's rights to payment under the Griffin Subcontract.

49. The sum of $101,179.24. is now due and owing and although demand has been made, Anatom has failed and refused to pay this amount.

50. By letter dated February 17, 2021, Frankenmuth notified US Surety of its claim against the US Surety Bond.

51. Therma Seal fully performed its obligations under the Griffin Subcontract prior to Anatom's default.

52. This payment bond claim has been timely filed within the time period set forth in the parties' Tolling Agreement.

53. All conditions precedent to this action have occurred, have been performed, or have been waived prior to bringing this action.

54. Accordingly, US Surety is liable to Frankenmuth for the sum of $101,179.24. pursuant to the terms of the US Surety Bond.

WHEREFORE, Plaintiff Frankenmuth Mutual Insurance Company, as assignee and subrogee of Therma Seal Roof Systems, LLC, demands judgment against defendant United States Surety Company for compensatory damages, attorneys' fees and costs, prejudgment interest, postjudgment interest, costs, and any such other relief the Court deems just and proper.

Dated: April 27, 2022

Respectfully submitted,

JONATHAN P. COHEN, P.A.
Attorneys for Frankenmuth Specialty Insurance Co.
500 E. Broward Blvd. Suite 1710 Fort Lauderdale FL 33394
phone: 954-462-8850 / fax: 954-848-2987

By:     /s/ *Jonathan P. Cohen*
        Jonathan P. Cohen (Florida Bar No. 011526)
        jcohen@jcohenpa.com
        Lisa B. Lia, Esq. (Florida Bar No. 1026810)
        Llia@jcohenpa.com

Dated: April 27, 2022

Respectfully submitted,

JONATHAN P. COHEN, P.A.
Attorneys for Frankenmuth Specialty Insurance Co.
500 E. Broward Blvd. Suite 1710 Fort Lauderdale FL 33394
phone: 954-462-8850 / fax: 954-848-2987

By:     /s/ *Jonathan P. Cohen*
        Jonathan P. Cohen (Florida Bar No. 011526)
        jcohen@jcohenpa.com
        Lisa B. Lia, Esq. (Florida Bar No. 1026810)
        Llia@jcohenpa.com